IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LLOYD CHRISTOPHER YOUNG | CRIMINAL CASE NO.<br>3:16-cr-00006-TCB-RGV |

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S COMPETENCY TO STAND TRIAL**

On August 5, 2016, the Court granted the motion of the United States of America, [Doc. 28], for an order committing defendant Lloyd Christopher Young ("defendant") to the custody of the Attorney General for a psychiatric examination to determine the defendant's competency pursuant to 18 U.S.C. § 4241, and ordered that defendant be examined for a reasonable period, not to exceed thirty days, by Dr. Michael C. Hilton ("Dr. Hilton"), a qualified psychiatrist, to determine if the defendant is presently competent to stand trial, i.e., to understand the nature of the charges against him and to assist his attorney in the preparation of his defense, [Doc. 35]. Following his examination of defendant, Dr. Hilton prepared a forensic report that has been provided to the Court, as well as counsel, in which he concludes that defendant is competent to stand trial. See [Doc. 37, Gov. Ex. 1 (under seal)]. On September 21, 2016, the Court conducted an evidentiary hearing and heard from

counsel concerning defendant's competency to stand trial. See [Doc. 37]. The parties concur that defendant is competent to stand trial, and after careful consideration of the record, the positions of counsel, and relevant legal authority, the undersigned Magistrate Judge **RECOMMENDS** that defendant be found mentally competent to stand trial.

## I.  BACKGROUND FACTS

Defendant is charged with receipt and possession of child pornography, in violation of 18 U.S.C.§§ 2252(a)(2), (a)(4)(B) and (b). [Doc. 1]. On June 21, 2016, the United States filed a motion for a hearing to determine the defendant's competency and for a psychiatric examination pursuant to 18 U.S.C. § 4241, [Doc. 25], which the Court granted, [Doc. 26]. However, after defendant refused to attend appointments that were scheduled with Dr. Hilton for the psychiatric examination while defendant was on bond, the United States moved for an order committing defendant to custody for a psychiatric examination, [Doc. 28], which the Court granted on August 5, 2016, [Doc. 35].

Dr. Hilton examined defendant on August 23, 2016, and subsequently prepared a report of the forensic psychiatry examination, which was provided to the Court and counsel on September 9, 2016. See [Doc. 37, Gov. Ex. 1 (under seal)]. In his report, Dr. Hilton summarizes defendant's background and history, as well as his

review of relevant records, and the results of his examination of defendant. See [id. at 1-5].[1] Dr. Hilton concludes his report by finding that defendant is presently able to understand the nature and consequences of the proceedings against him and to assist in his defense. [Id. at 6-7].

On September 21, 2016, the Court conducted a competency hearing at which defendant and his attorney, as well as counsel for the government, appeared, [Doc. 37], and after affording the parties the opportunity to present any additional evidence and testimony, the parties stipulated to the admissibility of Dr. Hilton's forensic evaluation, which was filed under seal, [Gov. Ex. 1 (under seal)], and offered no additional evidence or testimony. Accordingly, the undisputed evidence of record is that defendant is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. See [id. at 6-7].

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to

---

[1] Dr. Hilton discussed and discounted a mental health evaluation of defendant performed on March 28, 2016, by Deidre White, a Licensed Marriage and Family Therapist. See [Gov. Ex. 1 at 4-6].

consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759 (citation omitted). Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence. United States v. Izquierdo, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his or her behavior during the relevant time period, "especially the

4

evidence of how he related to and communicated with others[.]" Wright, 278 F.3d at 1259.

The undisputed evidence in this case, as stipulated at the evidentiary hearing, [Doc. 37, Gov. Ex. 1 (under seal)], demonstrates that defendant has a sufficient present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual understanding of the proceedings. Rahim, 431 F.3d at 759. The evidence indicates that defendant was able to communicate with Dr. Hilton during the evaluation, to discuss with reasonable intelligence the criminal proceedings and charges pending against him, and to consider rationally and reasonably the events and circumstances resulting in his being charged. See [Doc. 37, Gov. Ex. 1 (under seal)]. Defendant understands the nature of the charges against him and the respective roles of the judge, jury, prosecutor, and his attorney. [Id. at 6]. An understanding of complex issues or legal theories is not required. See United States v. Hogan, 986 F.2d 1364, 1373 (11th Cir. 1993) (finding that minor defects in the defendant's cognitive abilities did not render him incompetent and noting that "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers" and "[t]hat level of comprehension is not a requirement of

5

AO 72A
(Rev.8/82)

competency").[2]  Moreover, defendant reported to Dr. Hilton a willingness and intention of working with his lawyer in his defense. See [Gov. Ex. 1 at 6]. Because the undisputed evidence in this case demonstrates that defendant is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense, the undersigned finds that defendant is presently competent to stand trial.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that defendant be found competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the proceedings against him." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

**IT IS SO RECOMMENDED**, this 21st day of September, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[2] Dr. Hilton persuasively discounted the findings made in the mental health evaluation of defendant performed on March 28, 2016, by Deidre White, a Licensed Marriage and Family Therapist, see [Gov. Ex. 1 at 4-6], but even if the findings of that evaluation were fully accepted, that evaluation does not contradict Dr. Hilton's uncontested finding that defendant presently is competent to stand trial.